FILED
 2009 Nov-12 PM 02:38
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD JEMISON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:09-cv-00961-RBP-HGD |
| ) | |
| WARDEN DAVID WISE, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on October 5, 2009, recommending that this action be dismissed for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). On October 13, 2009, the plaintiff filed objections to that portion of the report and recommendation which found that he had not stated a claim of retaliation against Warden Wise. (Doc. #10). The plaintiff argues that, given the opportunity through the special report process, he would be able to prove that defendant Wise was aware of the plaintiff's earlier lawsuit prior to his transferring the plaintiff to a higher security prison. However, as noted by the magistrate judge, the mere fact that a prisoner has previously filed a lawsuit does not alone infer a retaliatory motive on the part of prison officials. *See*

*Orebaugh v. Caspari*, 910 F.2d 526 (8th Cir. 1990); *Riley v. Evans*, 41 F.3d 1507 *2, 1994 WL 652778 (6th Cir. Nov. 18, 1994). More importantly, the Supreme Court has recently reiterated that qualified immunity is designed to "free officials from the concerns of litigation, including the avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

The plaintiff further supports his objections by asserting that Warden Wise "was greatly upset with [the] plaintiff for filing a lawsuit against him . . .[and] . . . verbally expressed this information face to face with the plaintiff." (Doc. #10, page 2). However, this vague allegation, without more, merely infers the "possibility" of misconduct on the part of the warden. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, *supra*, at 1949. Therefore, where the facts asserted by the plaintiff do nothing more than permit the court to infer the "possibility of misconduct," the complaint alleges--but does not show--that the plaintiff is entitled to relief. *Id*. at 1950.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. The

complaint is therefore due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

DATED this 12th day of November, 2009.

*[signature: Robert B. Propst]*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**