# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

BERNARD JEMISON,              )
                              )
       Plaintiff             )
                              )
vs.                           )  Case No. 2:09-cv-00961-RBP-HGD
                              )
WARDEN DAVID WISE,            )
                              )
       Defendant             )

## **MEMORANDUM OF OPINION AND ORDER**

The magistrate judge filed a report on April 10, 2012, recommending that the defendant's special report be treated as a motion for summary judgment and, as such, that it be denied. Although the parties were advised of their right to file specific written objections within fourteen (14) days, there has been no response to the report and recommendation.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and his recommendation is ACCEPTED. The Eleventh Circuit has held that "[a]n inmate raises a constitutional claim of retaliation if he establishes that the prison disciplined

him for filing a grievance or lawsuit concerning the conditions of his imprisonment." *Smith v. Florida Dept. Of Corrections*, 318 Fed. Appx. 726, 728 (11th Cir. 2008) (citing *Wildberger v. Bracknell*, 869 F. 2d 1467, 1468 (11th Cir. 1989)). Under the First Amendment, "prison officials may not retaliate against inmates for filing lawsuits or administrative grievances." *Id*. (citing *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986)). *See also  Bridges v. Russell*, 757 F. 2d 1155, 1156 (11th Cir. 1985) (finding that a prisoner's filing of grievances is protected by the First Amendment, and that prisoners may not be transferred to another facility for punitive or retaliatory reasons). Furthermore, the Eleventh Circuit in *Bridges* also found it irrelevant for purposes of the prisoner's First Amendment claim that a prisoner has no liberty interest in remaining at a particular correctional facility. *Bridges*, 757 F. 2d at 1156. There are remaining issues of fact as to whether the plaintiff's First Amendment rights were violated. Accordingly, it is ORDERED that the defendant's motion for summary judgment is DENIED.  This matter is REFERRED to the magistrate judge for further proceedings.

DONE this 9th day of July, 2012.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**