UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNARD JEMISON,                )<br>                                                        )<br>           Plaintiff             )<br>                                                        )<br>vs.                                                )           Case No.  2:09-cv-00961-RBP-HGD<br>                                                        )<br>WARDEN DAVID WISE,          )<br>                                                        )<br>           Defendant           )  | |

## AMENDMENT TO MEMORANDUM OF OPINION AND ORDER

The court filed a Memorandum of Opinion and Order adopting the magistrate judge's Report and Recommendation and denying the defendant's Motion for Summary Judgment on July 16, 2012. The court now amends that memorandum to cite the Eleventh Circuit's recent decision in *Burns v. Warden, USP Beaumont*, No. 11-14149, 2012 WL 2430463 (11th Cir. June 28, 2012). The plaintiff Burns alleged that he was transferred in retaliation for filing a grievance against prison staff, who made it difficult for him to exhaust his administrative remedies before filing suit. The Eleventh Circuit vacated the district court's dismissal of the plaintiff's claim, stating:

> "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right to free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). Retaliation against an inmate for

1

>filing administrative grievances and lawsuits may violate First Amendment rights. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986); *Bridges v. Russell*, 757 F.2d 1155, 1156-57 (11th Cir. 1985). An inmate must establish three elements to prevail on a retaliation claim. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Specifically, the inmate must establish that (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there was a causal relationship between the retaliatory action and the adverse effect on speech. *Id*. To establish causation, the plaintiff must show that the defendant was "subjectively motivated to discipline" the plaintiff for exercising his First Amendment rights. *Smith v. Mosely*, 532 F.3d 1270, 1278 (11th Cir. 2008).

*Id*. at *2.

DONE and ORDERED this the 16th day of July, 2012.

*(signature)*

                    **ROBERT B. PROPST**
                    **SENIOR UNITED STATES DISTRICT JUDGE**